IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAY LIEBMAN, MAX LIEBMAN,
PAULINE LIEBMAN,

                Plaintiffs,

v.                                    1:03-cv-3911-WSD

RICHARD M. SKELLY and
PATRICIA LANE f/k/a PATRICIA
LIEBMAN,

                Defendants.

**ORDER**

    This matter is before the Court on Plaintiffs' "Judgment of Oct. 12, 2005 and Dismissal of Plaintiff's Complaint March 1, 2005 Void on Their Faces and Motion for Recusal" [65].  In this pleading, Defendants discuss and disagree with the Court's orders entered on March 1, 2005 [34], and October 12, 2005 [60].  In their rambling submission, Plaintiffs generally disagree with the conclusion in the orders and conclude that by entering them the undersigned must be prejudiced against Plaintiffs and thus should be recused.

    Plaintiffs have unsuccessfully litigated a variety of issues regarding property that was the center of a state-court dispute over child support.  In this Court,

Plaintiffs challenged the state-court proceedings and results. After finding against Plaintiffs on their claims, the Court on March 28, 2005, granted sanctions in favor of Defendants and on May 18, 2005, entered an order requiring Plaintiffs to provide financial information so the Court could consider the amount of sanctions to be awarded to Defendants. On June 2, 2005, rather than provide the financial information required, Plaintiffs filed a notice of appeal. On July 5, 2005, the appeal was dismissed *sua sponte* by the Court of Appeals for the Eleventh Circuit on the grounds that the order appealed was not final because the Court had not determined the amount of the sanction.[1] On October 12, 2005, the Court, not having received any financial information from Plaintiffs, entered its order directing the Clerk of Court to enter judgment in favor of Defendants in the amount of $9,540.94, for attorneys' fees and expenses they incurred in defending this action. Judgment in that amount was entered against Plaintiffs on the same day.

*Discussion*

On April 15, 2005, this Court denied Plaintiffs request to reconsider its

---

[1] The Court of Appeals also dismissed Plaintiffs' appeal of the Court's order dismissing the complaint in this action because the dismissal had not been certified pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

March 1, 2005 Order.  To contest that order again is improper.  If Plaintiffs in the motion before the Court also seek to challenge the Court's October 12, 2005 order, their challenge does not meet the requirements for reconsideration.  A motion for reconsideration is appropriate only where there is:  (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.  Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999); Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) (holding that a motion for reconsideration is not an opportunity for the moving party and their counsel to advise the court how it should have ruled differently).[2]

Plaintiffs also request that the Court be recused.  This request is based on Plaintiffs' dissatisfaction that this and other courts have not granted them the relief they demand.  That is not a ground for recusal and the Court will not recuse itself from responsibility for seeing this matter to its conclusion.  See 28 U.S.C. § 144; Liteky v. United States, 510 U.S. 540, 555 (1994).

---

[2] The Local Rules in this district provide that "motions for reconsideration shall not be filed as a matter of routine practice."  LR. 7.2, N.D. Ga.

Based on these reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' "Judgment of Oct. 12, 2005 and Dismissal of Plaintiff's Complaint March 1, 2005 Void on Their Faces and Motion for Recusal" [65] is **DENIED**.

**SO ORDERED**, this 14th day of March, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE